McCann, J.
For the Plaintiff: Robert G. Caprera, Esq.
For the Defendant Plainville Truck Stop, Inc.: Thomas B. Farrey, III, Esq., Brooke P. Seliger, Esq. (Burns & Farrey)
For the Defendant Lorusso Corp.: Thomas B. Daniels, Esq. (Faille, Birrell & Daniels)
*135 FACTUAL BACKGROUND
On February 13, 2000 at approximately 4:00 p.m. Jacqueline Coumoyer (“Cournoyer”) was a passenger in a car driven by her son that stopped to fill with gasoline at the Plainville Truck Stop (“Plainville”). The truck stop was undergoing repairs at that time. Orange construction barrels were in use to direct vehicle traffic in and out of the truck stop, the paving around the gas pump islands was tom up and the surface consisted of gravel and small rocks. There were mounds of gravel and dirt on the premises, along with a construction trailer. Photos supplied by Coumoyer show the gas pumps located on an elevated island with a lip about three inches high painted orange. The admittedly defective lip of the island was painted orange by employees of Plainville and the Lorusso Corp. (“Lorusso”).
After her son pumped the gas, Cournoyer walked into the office to pay for the gas. Upon returning to the car, she tripped over the three-inch lip and fell, injuring herself. Cournoyer filed suit against Plainville, who in turn brought in Lorusso. Both defendants are before the court on motions for summary judgment.
DISCUSSION
The common-law distinction of the duty owed by landowners or occupiers to licensees and invitees was replaced with the duly of reasonable care. Mounsey v. Ellard, 363 Mass. 693 (1973). Whether a landowner used reasonable care would be a determination to be made by a jury in view of all the circumstances including “what burdens of care are unreasonable in light of the relative expense and difficulty they impose ... as weighed against the probability and seriousness of the foreseeable harm to others.” Id. at 709.
While the determination of negligence as a general mle is the proper realm of the trier of facts, the Mounsey court did anticipate that negligence in some cases could be determined by the court. As a result, there is a substantial line of cases where the judge can correctly grant summary judgment to the defendants where the danger was of such an open and obvious danger as to obviate any duty to warn the plaintiff. O’Sullivan v. Shaw, 431 Mass. 201 (2000).
However, the vast majority of these cases involved the risk of head and neck injuries from diving into swimming pools. In those cases it is “. . . obvious to a person of average intelligence that a swimming pool must have a bottom.” Id. at 210.
This is not one of those situations. An examination of the time, manner, place and surrounding circumstances reveal that Coumoyer was unfamiliar with the truck stop never having been there before, and the accident occurred around 4:00 p.m. on a winter afternoon in February, a time when dusk would be gathering.
While Cournoyer admits she was aware that there was ongoing construction, it does not logically flow that she therefore had notice of the presence of the three-inch lip surrounding the gas pumps over which she might stumble and fall. There is no indication of the presence of any signs alerting patrons to the presence of the admittedly defective lip, no “watch your step” or “caution.” None of these warnings would entail extraordinary costs or burdens on the part of either Plainville or Lorusso.
Taking the facts presented in the light most favorable to the non-moving party, a genuine issue of material facts exist as to whether the defendants exercised reasonable care under all the circumstances to warn the plaintiff of the construction hazard.
Order
The Motions for Summary Judgment by defendants Plainville Truck Stop, Inc. and Lorusso Corp. are denied.